# United States Court of Appeals
# for the Fifth Circuit

———————

No. 22-50174
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
January 23, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Andres Abrahan Vazquez,

*Defendant—Appellant*,

CONSOLIDATED WITH

———————

No. 22-50177

———————

United States of America,

*Plaintiff—Appellee*,

*versus*

Andres Abraham Hernandez-Vasquez,

*Defendant—Appellant*.

No. 22-50174
c/w No. 22-50177

---

Appeals from the United States District Court
for the Western District of Texas
USDC Nos. 4:21-CR-942-1, 4:21-CR-1017-1

---

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges*.
PER CURIAM:[*]

Andres Abrahan Vazquez[1] appeals the sentence imposed after his guilty plea conviction for illegal reentry after having previously been deported, pursuant to 8 U.S.C. § 1326(a) and (b)(2), along with the revocation of the term of supervised release he was serving at the time of the instant offense. Because his appellate brief does not address the validity of the revocation or the revocation sentence, he abandons any challenge to that order. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993).

Vazquez contends, for the first time on appeal, that it violates the Constitution to treat a prior conviction that increases the statutory maximum under § 1326(b) as a sentencing factor, rather than as an element of the offense. Vazquez concedes that this issue is foreclosed by *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), but he seeks to preserve the issue for future review. In addition, he has filed an unopposed motion for summary disposition.

As Vazquez concedes, the sole issue raised on appeal is foreclosed by *Almendarez-Torres. See United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *United States v. Wallace*, 759 F.3d 486, 497 (5th Cir. 2014). Because his position "is clearly right as a matter of law so that there can be no

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

[1] The official case caption in No. 22-50177 identifies the defendant-appellant as Andres Abraham Hernandez-Vasquez. We use the name "Vazquez" throughout this opinion.

No. 22-50174
c/w No. 22-50177

substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), summary disposition is proper. Accordingly, Vazquez's motion for summary disposition is GRANTED, and the judgment of the district court and order revoking supervised release are AFFIRMED.